**KELLER INDUSTRIES, INC.,**
**Plaintiff-Appellant,**

v.

**James A. HOLDEN,**
**Defendant-Appellee.**

No. 74–3068.

United States Court of Appeals,
Fifth Circuit.

June 23, 1975.

Rehearing Denied July 21, 1975.

Daniel H. Johnston, Jr., Houston, Tex., for plaintiff-appellant.

Coleman Gay, Austin, Tex., for defendant-appellee.

Before CLARK, Associate Justice *, and GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

In March, 1970, defendant Holden entered into an agreement with plaintiff Keller Industries, Inc., whereby Holden would sell Keller's products in the Austin, Texas, area. Holden purchased the inventory and other physical assets of the existing Keller operation in Austin and executed a promissory note for $34,806.64 in exchange therefor. Unhappily, plaintiff and defendant experienced considerable difficulties in their new business relationship, and it was soon agreed that Holden's distributorship would be terminated. At the time of this decision, Holden owned certain inventory and accounts receivable which Keller agreed to take to offset Holden's debts to it. On November 2, 1970, defendant entered into a written contract with plaintiff whereby Holden assigned all of his accounts receivable to Keller, which would then apply the collected accounts to defendant's indebtedness. The parties also agreed that "[n]inety days from the date hereof, [Holden] agrees to pay to [Keller] any balance of indebtedness due from [Holden] to [Keller] after receipts and collections from the accounts assigned herein have been credited on account of said indebtedness." On November 4, 1970, Holden assigned certain inventory to Keller on the terms of the November 2 agreement.

Even after the accounts receivable were collected and the inventory credited, there was still a balance due on Holden's note of $26,174.97, which sum defendant refused to pay. Keller then filed this diversity suit on the note in federal district court. At the bench trial, Holden raised the defense of accord and satisfaction, contending that Keller had agreed to take the accounts receivable and inventory in complete satisfaction of his debt. The district court found Holden's argument persuasive and entered judgment for defendant. Keller appeals.

Keller argues that Holden's testimony as to a contemporaneous oral agreement different from the written contracts of assignment—which agreement Keller denies—was admitted in violation of the parol evidence rule. Plaintiff points out that both assignments explicitly provide that Holden shall continue to be liable for any balance due on his indebtedness after the collection of the accounts receivable and the crediting of the inventory to his account. This is not an unpersuasive argument, see Board of Regents v. Goetz, Tex.1970, 453 S.W.2d 290, cert. denied, 400 U.S. 807, 91 S.Ct. 43, 27 L.Ed.2d 36, but plaintiff has a much better one. At no point in his testimony did defendant say that Keller agreed to take the assigned assets in full satisfaction of his debts. Instead, he testified that he "thought" that the sum which Keller would collect from the assets would fully offset the amount of his note. This is not oral evidence of a consensual modification of an agreement contrary to the written terms thereof: it is rather a statement of one party's beliefs about the probable result of the contract. An expectation is not a contract and this is certainly not the sort of evidence which can be used to reach a conclusion contradictory to the explicit written terms of the assignments here. The order of the district court must therefore be reversed and judgment entered for plaintiff.

Holden contends that the documents of assignment were admitted into evidence in violation of the parties' pre-trial agreement. Defendant did not object at trial to the introduction of the documents, and we have been unable to discover any prejudice to Holden in the trial court's admission of these documents. We conclude that the evidence was properly admitted and, once admitted, dispositive of the merits of the case.

Reversed.

* Of the Supreme Court of the United States (Retired), sitting by designation.